IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY L. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03cv572-SRW |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Mary L. Nelson brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income and disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On January 25, 2001, plaintiff filed an application for Supplemental Security Income (SSI). On April 29, 2002, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on May 17, 2002, in which he found that plaintiff has severe impairments – Hepatitis C, non-insulin dependent diabetes mellitus, and depression – but that she has the residual functional capacity to

perform a significant range of light work and was not disabled at any time through the date of the decision. On March 28, 2003, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that the ALJ failed to apply the Eleventh Circuit's pain standard and that he "failed to adequately consider her

depression and its effect on her ability to work."[1]  (Plaintiff's brief, p. 4).  The medical evidence reflects limited treatment by Dr. Robert Gilliam of Clayton Family Health Center for acute ear infections, eye irritation, upper respiratory ailments and complaints of sinus and allergy symptoms.[2]  Dr. Gilliam also diagnosed and prescribed medication for diabetes mellitus and depression and, in January 2001, for Hepatitis C.

The court agrees with the ALJ that the evidence of record is not sufficient to establish disability.  The case is nevertheless due to be reversed because, as plaintiff argues, the ALJ failed to adequately consider the effect of her depression on plaintiff's ability to work.

> [Social Security] regulations require the ALJ to use the "special technique" dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments. 20 C.F.R. § 404.1520a-(c)(3-4).[3] This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a-(e)(2).
>
> * * * * *
>
> [W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions.  Failure to do so requires remand.

---

[1] The parties' briefs are less than helpful on this latter point.  Plaintiff's argument consists of two sentences – buried within a discussion of the Eleventh Circuit's three-part pain standard – with no citation to or discussion of the law applicable to this precise issue.  The Commissioner, for her part, simply ignores plaintiff's argument that the ALJ failed to adequately consider the effect of her depression on her ability to work and that he should have completed a Psychiatric Review Technique Form.

[2] The medical evidence consists of only 46 pages for treatment between 1995 and 2001. (Exhibits 1F and 2F).

[3] The comparable provision in SSI cases is 20 C.F.R. § 416.920a.

Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005). In Moore, the Eleventh Circuit reversed the judgment of the district court affirming the Commissioner's decision because of the ALJ's failure either to complete a PRTF or incorporate its mode of analysis into his findings and conclusions, despite its conclusion that the ALJ's credibility determination was adequate and that the ALJ's determination that Moore retained the residual functional capacity to perform her past relevant work was supported by substantial evidence. See 405 F.3d at 1212, 1213.

In the present case, the ALJ found that the plaintiff suffered from the severe impairment of depression. (R. 14). He did not append a PRTF to his decision. Additionally, while the ALJ states that plaintiff's "daily and social activities are not suggestive of a totally disabled individual" (R. 15), his decision does not suggest that he conducted the analysis required by 20 C.F.R. § 416.920a.

The evidence of record regarding plaintiff's depression is extremely limited. Plaintiff testified at the hearing that she takes Elavil, which helps "some but not much," and "[the depression is] real bad." She stated, "I can't, you know, just can't stand my husband saying too much, I can't do too much like that. I just get all upset . . . all at once like that." (R. 40-41). Plaintiff's medical records contain evidence that Dr. Gilliam diagnosed depression, prescribed Elavil between January 1997 and November 2000, and observed three times during 2000 that plaintiff displayed a "flat affect." (Exhibit 1F, R. 93-139). Dr. Gilliam made no further annotations regarding any effects or symptoms of depression. A DDS psychologist determined that the evidence was insufficient to permit a determination

regarding plaintiff's alleged mental impairment. (Exhibit 3F, R. 141). The ALJ apparently disagreed, finding the evidence sufficient to determine that plaintiff's depression was "severe." Since the ALJ failed to set forth an analysis of the impact of this severe depression on the four functional areas of "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation," the court is unable to conclude that the ALJ's determination of plaintiff's residual functional capacity is supported by substantial evidence.

The court has considered whether the Commissioner's decision may be affirmed on the basis of plaintiff's failure to attend two consultative psychological examinations scheduled before the claim was initially denied. (R. 89); See 20 C.F.R. § 416.918(a)("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind."). Plaintiff's claim was denied initially because of her failure to attend the examinations and because the information in her file was found to be insufficient to determine the severity of her condition. (R. 45-46).[4] However, the ALJ did not rely on § 416.918 in denying plaintiff's claim for benefits, and made no finding that plaintiff did not have good cause for failing to attend the examinations.[5] Thus, Section 416.918 does not provide a basis for

---

[4] The disability examiner made no finding regarding whether plaintiff had a "good reason" for failure to appear. See 20 C.F.R. 416.919(b).

[5] The record is insufficient to support a finding on the issue of good cause. In summarizing plaintiff's hearing testimony – the only evidence on this issue – the ALJ stated, "She testified that she did

5

affirming the decision of the Commissioner. See Westerfield v. Apfel, 75 F. Supp.2d 970 (S.D. Iowa 1999)("The Commissioner argues that the fact that Plaintiff failed to attend the consultative examinations is reason, in and of itself, to affirm the denial of benefits. The ALJ, however, did not invoke 20 C.F.R. § 404.918 as a basis to deny benefits.").

## CONCLUSION

Since plaintiff has presented a "colorable claim of mental impairment," the ALJ's failure to conduct the analysis required by 20 C.F.R. § 416.920a requires that this action be remanded to the Commissioner for further proceedings. Accordingly, the decision of the Commissioner is due to be REVERSED.

Done, this 2nd day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

not attend a Social Security consultative physician's exam because she did not feel like it."  (R. 14).  This summary is not entirely accurate.  Plaintiff testified, "My husband was sick and I was not feeling up to it."  (R. 42). The Commissioner's regulations state that she considers  "[i]llness on the date of the scheduled examination or test" to be a good reason for not appearing.  29 C.F.R. § 416.918(b)(1).  The ALJ did not further question the plaintiff to determine whether her own illness prevented her attendance and he made no finding regarding whether plaintiff missed the appointments for "good reasons."